UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MICHAEL ADAMS,

                               PLAINTIFF          PLAINTIFFS' FIRST
                                                 AMENDED COMPLAINT
            -against-                                AND JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER JASON
CASTILLO, POLICE OFFICER DANIEL O'NEILL,     15-CV-6741 (DLC)
SERGEANT MICHAEL VENTO, JOHN DOE #1-3,
                                   DEFENDANTS
------------------------------------------------------------------------ x

Plaintiff Michael Adams, by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint allege as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his First, Fourth and Fourteenth Amendment rights.

2. The claim arises from a November 16, 2014 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest and malicious prosecution, and violated his rights to freedom of speech and assembly.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

JURISDICTION

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## NOTICE OF CLAIM

7. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## PARTIES

8. Plaintiff Michael Adams is a resident of New York County in New York State.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Police Officers Jason Castillo and Daniel O'Neill and Sergeant Michael Vento, were at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, defendants Castillo, O'Neill, and Vento were involved in the illegal arrest and prosecution of plaintiff and/or failed to intervene in the actions of their fellow officers. Defendants Castillo, O'Neill, and Vento are sued in their individual capacity.

11. All other individual defendants ("the officers"), including John Doe #1-3, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. Plaintiff is an author who has written a book on the architectural history of Harlem.

14. Plaintiff has been engaged in political efforts for several years to preserve the historic Renaissance Ballroom and Casino, a building located on 7th Avenue between 137th and 138th street in Manhattan New York.

15. The Renaissance Ballroom and Casino opened in 1921. Since that time it has hosted musical performances by musicians such as Cab Calloway, Count Basie and Duke Ellington and sporting events including Joe Louis boxing matches. During the time when minorities were not allowed to play in the National Basketball Association and its precursors, the Renaissance served as the home court for the Harlem Rens, a major team in the "Black Fives" era of African American basketball. The Renaissance hosted historical events such as a major N.A.A.C.P. meeting in 1923. And it provided a reception hall friendly to African Americans during a time when many of the City's venues would not serve them. For example, the Renaissance was the site of the 1953 wedding of David Dinkins, who would go on to serve and New York City's first African American Mayor.

16. The Renaissance has been threatened with destruction multiple times since the early 1990's.

17. In or around November of 2014 plaintiff learned that the Renaissance's current owners

had filed plans for destruction of the building.

18. On November 16, 2014 plaintiff went to protest the destruction of the Renaissance.

19. At approximately 10:25 am plaintiff arrived at the corner of 7th Avenue and 138th Street.

20. Approximately 3 other people were also protesting along with plaintiff.

21. Plaintiff began protesting by walking in circles on the sidewalk and chanting "Save Harlem Now."

22. Plaintiff was not creating unreasonable noise, nor was he blocking pedestrian traffic or obstructing any person's access any of the buildings located in the area.

23. During plaintiff's protest the defendant police officers arrived in the area.

24. Shortly before 11:00 am the defendants approached plaintiff.

25. The defendants alleged that they were responding to a complaint about plaintiff's protesting.

26. Plaintiff explained that he was exercising his constitutionally protected rights and indicated that he would not stop protesting or leave the area.

27. The defendant officers placed plaintiff under arrest.

28. Plaintiff was taken to a police precinct and detained until approximately 1 pm.

29. Plaintiff was issued two summons tickets for disorderly conduct and released from the precinct.

30. The tickets issued to plaintiff were later dismissed.

31. Defendants lacked probable cause or reasonable suspicion to believe plaintiff had been involved in any illegal activity.

32. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual

officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

33. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

34. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution;

   b. Violation of his rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

   c. Violation of his rights pursuant to the First Amendment to the United States Constitution;

   d. Loss of liberty;

   e. Emotional suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – as to Individual Defendants)

35. The above paragraphs are here incorporated by reference.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

37. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches

and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment to the United States Constitution. Defendants conduct also deprived plaintiff of his rights to freedom of speech and assembly pursuant to the First Amendment to the United States Constitution.

38. Defendants falsely arrested plaintiff, maliciously prosecuted him, deprived him of his rights to speech and assembly, and failed to intervene in each other's obviously illegal actions.

39. Plaintiff has been damaged as a result of defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

40. The above paragraphs are here incorporated by reference.

41. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

42. Defendants intended to confine plaintiff.

43. Plaintiff was conscious of the confinement and did not consent to it.

44. The confinement of plaintiff was not privileged.

45. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## **THIRD CAUSE OF ACTION**
(RESPONDEAT SUPERIOR)

46. The above paragraphs are here incorporated by reference.

47. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

48. As a result of defendants' tortious conduct in the course of their employment and in

furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    May 23, 2016
                Brooklyn, New York

Respectfully yours,

*/s/ Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

TO:    City of New York
        Corporation Counsel Office
        100 Church Street
        New York, NY  10007
        Attn: Michael Gertzer

        Officer Jason Castillo
        c/o Michael Gertzer

        Officer Daniel O'Neill

        Sgt. Michael Vento